GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
ARIEL A. NEUMAN (Cal. State Bar No.: 241594)
JUSTIN RHOADES (Cal. State Bar No.: 230463)
JEFF MITCHELL (Cal. State Bar No.: 236225)
Assistant United States Attorneys
Violent & Organized Crime Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2917/3380/0698
     Facsimile: (213) 894-3713
     E-mail: ariel.neuman@usdoj.gov
             justin.rhoades@usdoj.gov
             jeff.mitchell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CR No. 09-230(A)-SVW |
|---|---|
| Plaintiff, | ) <u>PLEA AGREEMENT FOR DEFENDANT</u> |
| v. | ) <u>GABRIEL PEREZ</u> |
| RAMON NARCISO MORALES MENDOZA, ET AL., | ) |
| Defendants. | ) |

   1.   This constitutes the plea agreement between GABRIEL PEREZ, aka "Javier," aka "Gabriel Cruz," aka "Sele," ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

//

1 | PLEA

2. Defendant agrees to plead guilty to count one of the First Superseding Indictment in <u>United States v. Ramon Narciso Mendoza, et al.</u>, CR No. 09-230(A)-SVW.

NATURE OF THE OFFENSE

3. In order for defendant to be guilty of count one, which charges a violation of Title 21, United States Code, Section 846, the following must be true:

   a. Defendant entered into an agreement with at least one other person to commit the crime of distribution of heroin; and

   b. Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

4. Moreover, in order for defendant to be subject to the statutory maximum and statutory minimum sentence set forth below, the government must prove beyond a reasonable doubt that it was reasonably foreseeable to defendant that the scope of the conspiracy of which defendant was a part involved the distribution of at least one kilogram of a mixture or substance containing a detectable amount of heroin, a schedule I narcotic controlled substance. Defendant admits that it was reasonably foreseeable to defendant that the scope of the conspiracy of which defendant was a part did, in fact, involve the distribution of at least one kilogram of a mixture or substance containing a detectable amount of heroin, as described in count one of the First Superseding Indictment.

## PENALTIES

5. The statutory maximum sentence that the Court can impose for this violation of Title 21, United States Code Section 846 is: life imprisonment, a lifetime period of supervised release, a fine of $4,000,000, and a mandatory special assessment of $100.

6. Absent a determination by the Court that defendant's case satisfies the criteria set forth in 18 U.S.C. § 3553(f) and United States Sentencing Guideline § 5C1.2, the statutory mandatory minimum sentence that the Court must impose for this violation of Title 21, United States Code, Section 846 is: 10 years imprisonment, a 5-year term of supervised release, and a mandatory special assessment of $100.

7. Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8. Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

9. Under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social

1  Security Act or Federal Food Stamp Act and will not be eligible
2  for federal food stamp program benefits; furthermore, any such
3  benefits or assistance received by defendant's family members
4  will be reduced to reflect defendant's ineligibility.

5     10.  Defendant further understands that the conviction in
6  this case may subject defendant to various collateral
7  consequences, including but not limited to deportation,
8  revocation of probation, parole, or supervised release in another
9  case, and suspension or revocation of a professional license.
10 Defendant understands that unanticipated collateral consequences
11 will not serve as grounds to withdraw defendant's guilty plea.

                              FACTUAL BASIS

13    11.  Defendant and the USAO agree and stipulate to the
14 statement of facts provided below.  This statement of facts is
15 sufficient to support a plea of guilty to the charge described in
16 this agreement and to establish the sentencing guideline factors
17 set forth in paragraph 14 below.  It is not meant to be a
18 complete recitation of all facts relevant to the underlying
19 criminal conduct or all facts known to either party that relate
20 to that conduct.

21    Beginning on a date unknown and continuing through April 9,
22 2009, defendant knowingly and intentionally conspired to
23 distribute more than one kilogram of heroin.  Specifically,
24 defendant agreed to and did receive heroin from individuals
25 associated with the Mendoza family heroin distribution
26 organization, which is based in Mexico.  Defendant regularly
27 coordinated the processing, packaging, and delivery of heroin
28 with co-defendants Pedro Luis Perez-Cruz ("Perez-Cruz") and

Junior Perez Mendoza ("J. Perez"). Defendant admits that he regularly took possession of heroin given to him by Perez-Cruz and others, would hide the heroin in compartments in vehicles such as behind air vents or under dash boards, and would deliver the heroin to co-defendants who would sell the heroin to users. Other examples of defendant's participation in the conspiracy occurred on July 31, 2008, when defendant possessed approximately 21.51 grams of heroin packaged for distribution in 96 multi-colored balloons and $1,087 in proceeds derived from the sale of heroin at a "Food 4 Less" store in East Los Angeles, California. On August 12, 2008, defendant delivered approximately 20.5 grams of heroin packaged in 89 multi-colored balloons for individual distribution to co-defendant Barbara Hernandez in Los Angeles, California. On November 12, 2008, defendant delivered approximately 14.98 grams of heroin to co-defendant George Lyon at a "99 Cents" store in Pico Rivera, California. Similarly, on November 17, 2008, defendant and co-defendant Perez-Cruz possessed approximately 49.9 grams of heroin for distribution in a vehicle in Pico Rivera, California.

Throughout his participation in the conspiracy, defendant knew that the substance he possessed and sold was heroin. Defendant further admits he knew that the conspiracy to distribute heroin included an agreement to distribute more than one kilogram but less than three kilograms of heroin.

## WAIVER OF CONSTITUTIONAL RIGHTS

12. By pleading guilty, defendant gives up the following rights:

   a) The right to persist in a plea of not guilty.

1   b) The right to a speedy and public trial by jury.

2   c) The right to the assistance of legal counsel at
3   trial, including the right to have the Court appoint counsel for
4   defendant for the purpose of representation at trial.  (In this
5   regard, defendant understands that, despite his plea of guilty,
6   he retains the right to be represented by counsel -- and, if
7   necessary, to have the court appoint counsel if defendant cannot
8   afford counsel -- at every other stage of the proceeding.)

9   d) The right to be presumed innocent and to have the
10  burden of proof placed on the government to prove defendant
11  guilty beyond a reasonable doubt.

12  e) The right to confront and cross-examine witnesses
13  against defendant.

14  f) The right, if defendant wished, to testify on
15  defendant's own behalf and present evidence in opposition to the
16  charges, including the right to call witnesses and to subpoena
17  those witnesses to testify.

18  g) The right not to be compelled to testify, and, if
19  defendant chose not to testify or present evidence, to have that
20  choice not be used against defendant.

21  By pleading guilty, defendant also gives up any and all
22  rights to pursue any affirmative defenses, Fourth Amendment or
23  Fifth Amendment claims, and other pretrial motions that have been
24  filed or could be filed.

## SENTENCING FACTORS

26  13.  Defendant understands that the Court is required to
27  consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7),
28  including the kinds of sentence and sentencing range established

under the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines"), in determining defendant's sentence. Defendant further understands that the Sentencing Guidelines are advisory only, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime of conviction.

14. Defendant and the USAO agree and stipulate to the following applicable Sentencing Guidelines factors:

Base Offense Level  :   <u>32</u>   U.S.S.G. § 2D1.1(c)(4)

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. Defendant also understands that defendant's base offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. In the event that defendant's offense level is so altered, the parties are not bound by the base offense level stipulated to above.

15. The parties agree that:

a) Defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

b) The offense did not result in death or serious bodily injury to any person; and

c) Defendant was not an organizer, leader, manager, or supervisor of others in the offense and was not engaged in a continuing criminal enterprise.

16. There is no agreement as to defendant's criminal history or criminal history category.

17. Defendant and the USAO, pursuant to the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7), further reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines.

18. The stipulations in this agreement do not bind either the United States Probation Office or the Court. Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the calculation of the sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case.

## DEFENDANT'S OBLIGATIONS

19. Defendant agrees that he will:

   a) Plead guilty as set forth in this agreement.

   b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

   c) Not knowingly and willfully fail to: (i) appear for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

   d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

f) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

## THE USAO'S OBLIGATIONS

20. If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

a) To abide by all sentencing stipulations contained in this agreement.

b) At the time of sentencing to move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within that range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

c) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, to recommend a two-level reduction in the applicable sentencing guideline offense level, pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary, move for an additional one-level reduction if available under that section.

1       d)   To recommend that defendant be sentenced to a term
of imprisonment at the low end of the applicable Sentencing
Guidelines imprisonment range provided that the total offense
level as calculated by the Court is 29 or higher (or 27 or higher
should the Court determine that defendant's case satisfies the
criteria set forth in 18 U.S.C. § 3553(f) and United States
Sentencing Guideline § 5C1.2) and provided that the Court does
not depart downward in offense level or criminal history
category. For purposes of this agreement, the low end of the
Sentencing Guidelines imprisonment range is that defined by the
Sentencing Table in U.S.S.G. Chapter 5, Part A.

## BREACH OF AGREEMENT

21.  If defendant, at any time after the execution of this agreement, knowingly violates or fails to perform any of defendant's agreements or obligations under this agreement ("a breach"), the USAO may declare this agreement breached. If the USAO declares this agreement breached at any time following its execution, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all of its obligations under this agreement.

22.  Following the Court's finding of a knowing and willful breach of this agreement by defendant, should the USAO elect to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of

10

this agreement and the commencement of any such prosecution or action.

    b) Defendant gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

    c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the stipulated factual basis statement in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any such prosecution of defendant, and defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

## LIMITED MUTUAL WAIVER OF APPEAL

23. Defendant gives up the right to appeal any sentence imposed by the Court, and the manner in which the sentence is determined, provided that (a) the sentence is within the statutory maximum specified above and is constitutional, and (b) the Court imposes a sentence within or below the range corresponding to a total offense level of 29, and the applicable criminal history category as determined by the Court. Notwithstanding the foregoing, defendant retains any ability defendant has to appeal the conditions of supervised release

11

imposed by the Court, with the exception of the following: conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

24. The USAO gives up its right to appeal the sentence, provided that (a) the sentence is within the statutory minimum and maximum specified above and is constitutional, and (b) the Court imposes a sentence within or above the range corresponding to a total offense level of 29, and the applicable criminal history category as determined by the Court.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

25. Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining counts of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on any remaining count of conviction, with both the USAO and defendant being released from all of their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea agreement intact. Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

## COURT NOT A PARTY

26. The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations. Even if the Court ignores any sentencing

recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. No one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

27. Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

28. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

//
//
//

1   This agreement is effective upon signature by defendant and
2 an Assistant United States Attorney.
3 AGREED AND ACCEPTED
4 UNITED STATES ATTORNEY'S OFFICE
  FOR THE CENTRAL DISTRICT OF CALIFORNIA
5
  GEORGE S. CARDONA
6 Acting United States Attorney
7
8 _____     2-16-10
  ARIEL A. NEUMAN                       Date
  JUSTIN RHOADES
9 JEFF MITCHELL
  Assistant United States Attorneys
10
11
12   I have read this agreement and carefully discussed every
13 part of it with my attorney. This agreement has been read to me
14 in Spanish, the language I understand best, and I have carefully
15 discussed every part of it with my attorney. I understand the
16 terms of this agreement, and I voluntarily agree to those terms.
17 My attorney has advised me of my rights, of possible defenses, of
18 the sentencing factors set forth in 18 U.S.C. § 3553(a), of the
19 relevant Sentencing Guidelines provisions, and of the
20 consequences of entering into this agreement. No promises or
21 inducements have been given to me other than those contained in
22 this agreement. No one has threatened or forced me in any way to
23 enter into this agreement. Finally, I am satisfied with the
24 representation of my attorney in this matter.
25
26 _____     12/02/10
  GABRIEL PEREZ                         Date
27 Defendant
28

14

1  I, Irma Lourdes Garcia, am fluent in written and spoken
2  English and Spanish languages.  I accurately translated this
3  entire agreement from English into Spanish to defendant GABRIEL
4  PEREZ on this date.

_Irma L. Garcia_     2-12-10
Interpreter             Date

9  I am Gabriel Perez's attorney.  I have carefully discussed
10 every part of this agreement with my client.  Further, I have
11 fully advised my client of his rights, of possible defenses, of
12 the sentencing factors set forth in 18 U.S.C. § 3553(a), of the
13 relevant Sentencing Guidelines provisions, and of the
14 consequences of entering into this agreement.  To my knowledge,
15 my client's decision to enter into this agreement is an informed
16 and voluntary one.

_[signature]_     2-12-10
FREDRICO MCCURRY     Date
Counsel for Defendant
Gabriel Perez